UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES ISELEY,** | : | |
| Plaintiff, | : | CIVIL NO. 1:CV-04-0861 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **JOHN TALABER, et al.,** | : | |
| Defendants. | : | |

## MEMORANDUM and ORDER

**I.   Background**

Charles Iseley, an inmate at the State Correctional Institution at Houtzdale, Pennsylvania, commenced this civil rights action with a pro se complaint pursuant to the provisions of 42 U.S.C. § 1983. Iseley alleges various Pennsylvania State Corrections officials and medical personnel violated his Federal Constitutional and statutory rights in their treatment of Plaintiff's medical condition. For relief, Iseley seeks declaratory judgment, monetary damages, injunctive relief, costs, and other appropriate relief.

This matter comes before the Court for consideration of Defendants' motions to dismiss and/or for summary judgment (Docs. 16, 28, 35, and 67), Plaintiff's motion for partial summary judgment (Doc. 86), Plaintiff's motion for preliminary injunction (Doc. 37), and several miscellaneous motions filed by the parties. For the following reasons, Defendants' motions to dismiss will be granted, the case will be dismissed as to the remaining Defendant under the provisions of 28 U.S.C. §1915(e)(2)(B)(ii), and the remaining motions will be dismissed as moot.

**II.   Discussion**

**A.  Motion to Dismiss Standard**

In rendering a decision on a motion to dismiss, the Court should consider the allegations in the

complaint, exhibits attached to the complaint, and matters of public record. Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) The Court may also consider "undisputedly authentic" documents attached to the motion to dismiss if Plaintiff's claims are based on the documents. Id. Further, the Court must accept the Plaintiff's allegations in the complaint as true. White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).

When considering a motion to dismiss based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). Nevertheless, the Court is mindful that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Defendants' motions are based in part upon an argument that the issues in this case are precluded by the doctrine of collateral estoppel; Defendants argue that the present issues have already been decided against Iseley, in the United State District Court for the Eastern District of Pennsylvania ("Eastern District"), and that decision was affirmed on appeal to the United States Court of Appeals for the Third Circuit.

**B. Collateral Estoppel**

The United States Court of Appeals for the Third Circuit has held that the doctrine of collateral estoppel is properly invoked when four factors are present: (1) the issue decided in the prior action is identical to the one presented in the later action; (2) the prior action resulted in a final judgment on the

merits; (3) the party against whom collateral estoppel is asserted was a party, or in privity to a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.  Witkowski v. Welch, 173 F.3d 192, 199 (3d Cir. 1999).  There is no doubt that Iseley was the Plaintiff in the prior action, thus fulfilling the third requirement.  Further, there is no evidence that Iseley was denied a full and fair opportunity to litigate the issue in the prior action.  To the contrary, the Third Circuit found that Iseley had more than ample time to prepare his case.  See Iseley v. Dragovich, 90 Fed.Appx. 577, at 582 (3d Cir. 2004).  Consequently, the only issues for determination are whether the Eastern District case presented identical issue(s), and whether the Eastern District rendered a final decision on the merits of the claim(s) presented.

**Identity of Issue(s)**

To prevail on a § 1983 claim, Iseley must establish (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived Iseley of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F. Supp.2d 361, 372 (M.D. Pa. 2001). Iseley claims that Defendants violated his rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), Defendants are in breach of contract,[1] and Defendants violated Plaintiff's privacy rights.[2]  Nevertheless, the pivotal Constitutional issue in this case is the Eighth Amendment

---

[1] Iseley claims that he settled a prior state action by agreement with Defendants requiring provision of Hepatitis treatment without a psychological evaluation.

[2] Although Iseley also claims Defendants violated his privacy rights when they informed other inmates of Plaintiff's condition and medication by discussing them "in full hearing of" other inmates (Doc. 1, ¶¶ 55 and 60), Plaintiff has set forth the same information in prior litigation, and such information can scarcely be regarded as "private."

3

requirement that prison officials provide adequate medical care to inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). That duty is violated when prison officials know of and disregard an excessive risk to inmate health or safety. Id. at 837.

Iseley claims that Defendants violated his Eighth Amendment rights when they refused Hepatitis treatment and (oddly) when they temporarily provided Hepatitis treatment, and they violated his Eighth Amendment rights when they breached a contractual agreement to provide Hepatitis treatment. Defendants state that treatment was denied because Plaintiff refused "to be screened according to the [Department of Corrections'] Hepatitis C treatment protocol and thus disqualifies himself from even being evaluated for treatment." (Doc. 29 at 6-7; Doc. 72 at 2.) The dispute involves the propriety of the protocol as a basis for denial of treatment. This issue has been decided against Iseley in the Eastern District, and Defendants argue that the doctrine of collateral estoppel precludes re-examination of the issue by this Court.

As previously stated, the present action was preceded by a § 1983 action filed in the Eastern District of Pennsylvania. The averments of the complaint filed in this action are virtually identical to those contained in the Eastern District complaint. In both actions, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs for hepatitis/cirrhosis treatment. Further, Defendants in both actions concede that treatment under the protocol was not provided, but they claim that Plaintiff refused to submit to the requisite psychological screening to determine his fitness for the treatment. Moreover, Defendants in both actions argue that denial of treatment, based upon refusal to consent to the requisite screening, is not violative of the Constitution if the regulation at issue is reasonably related to legitimate penological interests. Washington v. Harper, 494 U.S. 210, 223 (1990). In this action and in the Eastern District action, Iseley has sought declaratory judgment that Defendants' actions have violated

4

his Eighth Amendment rights, monetary damages (compensatory and punitive) for the Eighth Amendment violation, and injunctive relief in the form of an order directing Defendants to provide medical treatment for Plaintiff's Hepatitis C/Cirrhosis without a psychological evaluation.  Upon review, this Court is convinced that the issues in both cases are identical.[3]

**Final Decision in Prior Action**

By Order dated April 3, 2003 (Doc. 17, Ex. A), the Eastern District granted summary judgment in the action brought before it, on the ground that the psychological evaluation was reasonably related to penological interests.  The Third Circuit subsequently affirmed the summary judgment in the Eastern District action "for the same reasons set forth by the District Court."  Iseley, 90 Fed.Appx. at 580, n.3.  Therefore, it is clear that the prior action resulted in a final decision on the merits.  Thus, the Court finds that each of the requisite elements for collateral estoppel is present here, and the motions to dismiss will be granted in favor of moving Defendants: Wexford Health Sources, Inc., and Eugene Ginchereau (Doc. 16); Corrections Defendants (See Doc. 14): Jeffrey Beard, Jeffrey Bowden, Commonwealth of Pennsylvania, Joan Delie, Gary Gallucci, Diane Manson, Neal Mechling, Carol Scire, Don Skunda, William Stickman, John Talaber, Robert Tretnik, and David Yanak (Doc. 28); Bucks County, John Doe and Karen Diaz (Doc. 35); Edward Swierczewski, Eugene Ginchereau,[4] Herbik, Prison Health Services, Inc., and America

---

[3]Iseley also argues that his privacy rights were violated, and Defendants violated his Eighth Amendment rights by commencing Hepatitis C/Cirrhosis treatment without a psychological evaluation.  As previously stated (n. 2, supra), Defendants cannot be deemed to have disclosed Iseley's private medical information.  Moreover, it would defy logic to conclude that Iseley's Eighth Amendment rights were somehow violated when Defendants gave the exact relief Iseley had been seeking for several years in multiple judicial claims, and they were doing so in compliance with a settlement agreement (See n. 3, supra).

[4]Dr. Ginchereau is a movant in Doc. 16 as well as Doc. 67.

5

Service Group, Inc. (Doc. 67). As it relates to the remaining Defendant, the case will be dismissed pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

### C. 28 U.S.C. §1915(e)(2)(B)(ii)

The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) established new obligations for prisoners who file civil rights actions in federal court.  28 U.S.C. §1915(e) provides, in relevant part, "(2) [n]otwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim on which relief may be granted. As previously set forth, a viable § 1983 claim must establish that the Defendants' alleged wrongful conduct deprived Iseley of a right, privilege, or immunity secured by the Constitution or laws of the United States. However, Defendants' refusal to provide Hepatitis treatment without the psychological evaluation is not violative of Plaintiff's Eighth Amendment rights. Moreover, Plaintiff has failed to allege private information improperly disclosed by Defendants. Consequently, Iseley has not set forth a claim upon which relief may be granted against Defendant Jane Doe, and his case will be dismissed as to this Defendant. An appropriate Order follows.

### III.  Order

**AND NOW**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motions to dismiss (Docs. 16, 28, 35, and 67) are **GRANTED**, and the Clerk of Court is directed to enter judgment against Plaintiff and in favor of Defendants Wexford Health Sources, Inc., Eugene Ginchereau, Jeffrey Beard, Jeffrey Bowden,

>Commonwealth of Pennsylvania, Department of Corrections, Joan Delie, Gary Gallucci, Diane Manson, Neal Mechling, Carol Scire, Don Skunda, William Stickman, John Talaber, Robert Tretnik, David Yanak, Bucks County, John Doe, Karen Diaz, Edward Swierczewski, Herbik, Prison Health Services, Inc., and America Service Group, Inc.

2. Plaintiff's complaint (Doc. 1) is **DISMISSED** as to the remaining Defendant, Jane Doe, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

3. Plaintiff's motion to file supplemental exhibit (Doc. 50) is **DISMISSED** as moot..

4. Plaintiff's motions for extension of time to file briefs and documents (Docs. 54, 77, 84, 96 and 102) are **DISMISSED** as moot.

5. Plaintiff's motion for hearing (Doc. 74) is **DISMISSED** as moot.

6. Defendants' motions for joinder (Docs. 76 and 97) are **DISMISSED** as moot.

7. Plaintiff's motion for partial summary judgment (Doc. 86) is **DISMISSED** as moot.

8. Defendants' motions for enlargement of time to file (Doc. 93 and 94) are **DISMISSED** as moot.

9. The Clerk of Court shall close this case.

10. Any appeal taken from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

                                                 S/ Yvette Kane
                                                YVETTE KANE
Dated: March 30, 2005                      United States District Judge